UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN BRAZINSKY, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AT&T INC., RANDALL L. STEPHENSON, JOHN T. STANKEY, PASCAL DESROCHES, AND JOHN STEPHENS,<br><br>Defendants. | ECF CASE<br><br>Case No. 2:23-cv-04064-MCA-JBC<br><br>MOTION DAY:  December 18, 2023 |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO TRANSFER TO THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

**BAKER BOTTS L.L.P.**

Jessica Bateman Pulliam (*pro hac vice*)
John B. Lawrence (*pro hac vice*)
Kirstie Wallace (*pro hac vice*)
2001 Ross Avenue, Suite 900
Dallas, Texas 75201-2980
(214) 953-6500
Richard B. Harper
James J. Beha II (*pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112-4498
(212) 408-2500

*Counsel for Defendants*

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1
ARGUMENT .................................................................................................................. 1
CONCLUSION ............................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Bondali v. Yum! Brands, Inc.*,
   No. 13-117-JST, 2013 WL 12129379 (C.D. Cal. May 1, 2013) ...............................................3

*City of Birmingham Firemen's & Policemen's Supplemental Pension Sys. v. Pluralsight, Inc.*,
   No. 19-cv-7563-AKH, 2019 WL 12496341 (S.D.N.Y. Oct. 24, 2019)....................................1

*Connors v. Lexington Ins. Co.*,
   666 F. Supp. 434 (E.D.N.Y. 1987) .........................................................................................2

*Gallagher v. Ocular Therapeutix, Inc.*,
   No. 17-5011-SDW-LDW, 2017 WL 4882487 (D.N.J. Oct. 27, 2017)..............................1, 2, 4

*In re Choice Hotels, Inc. Sec. Litig.*,
   No. 07-cv-00734-REB, 2008 WL 793621 (D. Colo. Mar. 24, 2008).......................................2

*Wang Yan v. ReWalk Robotics Ltd.*,
   No. 17-10169-FDS, 2018 WL 1041541 (D. Mass. Feb. 23, 2018) ..........................................4

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(B) ...............................................................................................................3

28 U.S.C. § 1404(a) ................................................................................................................1, 4, 5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 ............................................................................................................................3

## INTRODUCTION

There is no substantive opposition to Defendants' motion to transfer venue to the Northern District of Texas. The two applicants for lead plaintiff claiming the largest alleged losses—the New York City Public Pension Funds (the "NYC Funds") and the New Mexico State Investment Council ("NMSIC")—have each filed notices of non-opposition to the transfer. ECF Nos. 45, 47. Another stockholder, Velliv, Pension & Livsforsikring A/S ("Velliv"), has acknowledged that the NYC Funds and NMSIC have larger alleged losses and has stated that Velliv should be selected as lead plaintiff only in the event the Court decides that these other two applicants fail to satisfy the PSLRA's standards. ECF No. 35 at 1. As to the transfer issue, Velliv does not dispute the merits of Defendants' motion and instead suggests that Defendants' motion should be deferred until after the appointment of a lead plaintiff. This suggestion lacks merit given that neither party claiming to be the presumptive lead plaintiff opposes transfer. Indeed, courts often decide a transfer motion first so that the court determining the lead plaintiff is the same court deciding other issues in the case. Accordingly, the Court should grant Defendants' transfer motion to the Northern District of Texas, the appropriate forum under every relevant factor bearing on the Section 1404(a) analysis.

## ARGUMENT

Just as courts "routinely transfer securities class actions to the defendant corporation's home jurisdiction," *see* ECF No. 43-1 at 2, courts across the country also regularly exercise their inherent discretion to decide motions to transfer before ruling on pending lead plaintiff motions. *See, e.g.*, *Gallagher v. Ocular Therapeutix, Inc.*, No. 17-5011-SDW-LDW, 2017 WL 4882487, at **2–3 (D.N.J. Oct. 27, 2017) ("The Court determines that the transfer motion should be decided first" because "[t]he court that will ultimately preside over the litigation should select the lead

1

plaintiff."); *City of Birmingham Firemen's & Policemen's Supplemental Pension Sys. v. Pluralsight, Inc.*, No. 19-cv-7563-AKH, 2019 WL 12496341, at *2 (S.D.N.Y. Oct. 24, 2019) ("I disagree, as have other judges in this district, with Plaintiff's suggestion to 'defer ruling on Defendants' Motion to Transfer until a lead plaintiff has been appointed.' It is sensible to allow the court that will be presiding over this matter to reach its own conclusion regarding which plaintiff and counsel are best positioned to represent the interests of the putative class."); *In re Choice Hotels, Inc. Sec. Litig.*, No. 07-cv-00734-REB, 2008 WL 793621, at *3 (D. Colo. Mar. 24, 2008) ("I conclude that the appointment of a lead plaintiff and lead counsel is best determined after this case has been transferred to the District of Maryland.").

The Court should do the same here. Evaluating and ruling on the multiple contested motions for appointment as lead plaintiff will expend judicial resources that will only have to be expended again if the case is later transferred. Further, the selection of the lead plaintiff "may have a significant effect on the conduct of the litigation," *Gallagher*, 2017 WL 4882487, at *2, making it both appropriate and prudent for the court "ultimately responsible for the litigation" to decide the lead plaintiff motions. *Cf. Connors v. Lexington Ins. Co.*, 666 F. Supp. 434, 456 (E.D.N.Y. 1987). And as discussed at length in Defendants' opening brief, the Northern District of Texas is indisputably the proper forum for this securities class action, which has no discernable connection to New Jersey. *See* ECF No. 43-1 at 7–12. Thus, as one court in this District explained, it would be "unduly preemptive … to decide the contested lead plaintiff motions under this District's and Circuit's precedent," when this action should proceed in another district and circuit altogether. *See Gallagher*, 2017 WL 4882487, at *3.

Nothing in Velliv's briefing warrants deferring a ruling on Defendants' transfer motion until after a lead plaintiff is appointed. <u>First</u>, Velliv's point that no entity is "legally empowered"

to respond to Defendants' motion on behalf of the class, ECF No. 46 at 3, makes no practical difference given that the only two lead plaintiff applicants claiming to satisfy the PSLRA's criteria for appointment do not oppose transfer. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (the movant with "the largest financial interest" who also satisfies the adequacy and typicality requirements of Rule 23 is the presumed "most adequate plaintiff").[1] Velliv, by contrast, *concedes* that it does not have the largest financial interest and has offered no proof, as the PSLRA requires, necessary to rebut the presumption that either the NYC Funds or NMSIC is the "most adequate" plaintiff. *See* ECF No. 35 at 1 (conceding that other movants claim a larger financial interest and summarily requesting that the Court appoint Velliv "should the Court find that the [other] movants … fail to meet" the PSLRA's standards); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (the "most adequate plaintiff" presumption "may be rebutted *only upon proof*" that the presumptive lead plaintiff will not fairly and adequately protect the class or is incapable of adequately representing the class) (emphasis added). Because the NYC Funds or NMSIC presumably will represent the class and neither oppose transfer, there is no valid basis to defer ruling on Defendants' transfer motion until after lead plaintiff appointment.

*Second*, Velliv's suggestion that the appointed lead plaintiff might file an amended complaint with additional allegations, ECF No. 46 at 3, is no reason for the Court to defer deciding the transfer motion. *See Bondali v. Yum! Brands, Inc.*, No. 13-117-JST, 2013 WL 12129379, at *5 (C.D. Cal. May 1, 2013) ("[T]he Court concludes that the fact that [lead plaintiff] *might* file a consolidated complaint that *might* include [additional] allegations … is not reason to defer

---

[1]   *See also* ECF No. 29 at 3 (The NYC Funds "possess[] the largest financial interest of any movant and hav[e] established their adequacy and typicality within the meaning of Rule 23."); ECF No. 30 at 1 ("NMSIC should be appointed, as it is the adequate and typical movant with the greatest financial interest in the case.").

3

deciding this motion. As currently pleaded, the complaints contain no connection to this district."). The location of AT&T's corporate headquarters and the key grounds for transfer here will not change. *See* ECF No. 43-1 at 9–10. In any event, the two parties most likely to satisfy the PSLRA's lead plaintiff criteria—and therefore the parties most likely to file any amended complaint—do not oppose transfer.

*Third*, Velliv's concerns about further delaying a decision on the lead plaintiff motions are exaggerated. *See* ECF No. 46 at 1–2. Although the PSLRA's 90-day timeline for appointing a lead plaintiff has passed, "in practice, courts may take longer than 90 days to appoint a lead plaintiff, depending on the complexity of the case and number of parties seeking to be named lead plaintiff." *Cf. Wang Yan v. ReWalk Robotics Ltd.*, No. 17-10169-FDS, 2018 WL 1041541, at *3 (D. Mass. Feb. 23, 2018). Here, seven different movants initially sought appointment as lead plaintiff, and the movants have collectively filed 15 briefs on the issue, five of which were filed after the 90-day contemplated timeline already passed. The lead plaintiff briefing raises several legal disputes amongst the applicants that have the potential to impact the litigation going forward, such that these disputes may be more appropriately resolved by the court that will ultimately preside over the action. *See generally, e.g.*, ECF Nos. 30, 37, 38-1, 39-1 (disputing legal issues such as the scope of the class definition and the import of alleged net gainer or net seller status, including with respect to damages and defenses). Additionally, this case was recently reassigned from Judge McNulty to this Court, ECF No. 44, and there is no reason the court in the Northern District of Texas will be unable to get up to speed quickly if the case were expeditiously transferred. *See Gallagher*, 2017 WL 4882487, at *3 ("The Court does not view … it [] as significant that this Court has acquired some basic familiarity with the cases during their short pendency in this District.").

4

**CONCLUSION**

For these reasons, and those stated in Defendants' opening brief, Defendants respectfully request that the Court transfer this action to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). Defendants' further request that the Court enter its transfer Order before ruling on the pending motions for appointment as lead plaintiff, to afford the transferee court the opportunity to decide the lead plaintiff motions; or alternatively, Defendants respectfully request that the Court enter its transfer Order concurrently with or soon after the Court appoints a lead plaintiff.

Dated:  December 11, 2023

Respectfully submitted,

**BAKER BOTTS L.L.P.**

*/s/ Richard B. Harper*
Richard B. Harper
James J. Beha II (*pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-2500
Facsimile: (212) 408-2501
richard.harper@bakerbotts.com
jim.beha@bakerbotts.com

Jessica Bateman Pulliam (*pro hac vice*)
John B. Lawrence (*pro hac vice*)
Kirstie Wallace (*pro hac vice*)
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 661-6503
jessica.pulliam@bakerbotts.com
john.lawrence@bakerbotts.com
kirstie.wallace@bakerbotts.com

*Counsel for Defendants*